UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NORMA LOZANO,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 02-1253 FFM<br><br>AMENDED ORDER AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b) |

## I. INTRODUCTION

After remand, the Social Security Administration awarded plaintiff Norma Lozano ("Plaintiff") $116,713[1] in gross retroactive benefits. Now pending before the Court is the petition of Plaintiff's counsel, Manuel Serpa, for attorney fees in the amount of $10,113.25 for his representation of Plaintiff in this matter.

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested fee must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). After careful consideration, the Court finds in this case that $10,113.25 for 29.4 hours of work by Plaintiff's counsel is "reasonable."

---

[1] Although Plaintiff's counsel does not state the amount of retroactive benefits, he does state that "$29,178.25, is exactly 25 percent of [Plaintiff's] past-due benefits."

## II.  DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht*, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b).  Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

In determining whether the $10,113.25 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors.  Several of these factors fall in favor of Plaintiff's counsel.

/ / /

/ / /

/ / /

Under *Gisbrecht*, the starting point of the analysis is the agreement between Plaintiff and his counsel. Here, the relevant terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel are as follows:

> If the case is remanded by the U.S. District Court to the Social Security Administration for review or additional testimony, and the CLAIMANT/PLAINTIFF is awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the CLAIMANT/PLAINTIFF will pay the law firm 25% (TWENTY FIVE PERCENT) of the past due benefits.

Exhibit A to Declaration of Manuel D. Serpa.

Thus, Plaintiff agreed to a 25% contingency and the $10,113.25 sought would be within the agreed upon amount. The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $10,113.25 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit.

Third, there is no excessive delay attributable to counsel which would unduly increase the past due benefits accumulated during the pendency of the case in court.

Finally, the Court must assess the overall reasonableness of the fee in light of the character of the representation and the results obtained. Here, Plaintiff's counsel obtained an order for remand that eventually resulted in an award of benefits. The time expended by counsel (29.4 hours) is reasonable. The effective hourly rate, if Plaintiff's counsel receives all of the fees he seeks, would be approximately $344. This rate is within the range of fees recently approved in *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009).

///
///
///

## III.  CONCLUSION

Based on the foregoing considerations, the Court finds and concludes that the $10,113.25 in fees sought by Plaintiff's counsel is reasonable.  The petition for attorney fees in the amount of $10,113.25 pursuant to 42 U.S.C. §406(b) is granted.  Upon payment by the Commissioner of $10,113.25 out of the withheld past due benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $4,000 (which Defendant has already paid to Plaintiff's counsel).

IT IS SO ORDERED.

DATED: June 1, 2010

                                              /S/ FREDERICK F. MUMM
                                              FREDERICK F. MUMM
                                              United States Magistrate Judge